126    People ex rel. N. Y. C. R. R. Co. v. Pub. Serv. Comm.

Third Department, December, 1919.        [Vol. 190.

The People of the State of New York ex rel. The New York Central Railroad Company, Appellant, v. The Public Service Commission of the State of New York, Second District, Charles B. Hill and Others, as Public Service Commissioners of the State of New York, Being Members of Said Board, Second District, Respondents.

Third Department, December 29, 1919.

Railroads — overhead highway crossing — validity of provision in order of former Board of Railroad Commissioners that railroad maintain roadway and sidewalk — failure to appeal from order of Public Service Commission refusing to modify said provision — building overhead crossing under said order as binding railroad company to perform condition — Railroad Law, section 93.

Where a railroad company applied to the former Board of Railroad Commissioners to have the highway at a crossing carried over its tracks, and the order granted by the said Commissioners provided that the cost of the work should not be borne by the State or the town, and that the said railroad company should maintain the roadway and sidewalk of the overhead bridge and approaches thereto, irrespective of the provisions of section 64 (now section 93) of the Railroad Law, and the said railroad company proceeded to construct the overhead crossing at its own expense under the permission granted and without appealing from a determination of the Public Service Commission refusing to modify the provision of the order as to maintenance, it will be deemed to have accepted said provision, and is bound to maintain the roadway and sidewalk, notwithstanding the provisions of the Railroad Law.

Certiorari issued out of the Supreme Court and attested on the 31st day of October, 1918, directed to the Public Service Commission of the State of New York, Second District, and Charles B. Hill and others, as Public Service Commissioners of the State of New York, being members of said Board, Second District, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had as to the complaint of the town board and board of highway superintendents of the town of Seneca, Erie county, against the New York Central Railroad Company, as to the maintenance of roadway and sidewalk on a bridge and approaches thereto.

*Locke, Babcock, Spratt & Hollister* [*Maurice C. Spratt* and *H. W. Huntington* of counsel], for the relator.

*Ledyard P. Hale,* for the respondent.

*William J. Doetsch,* for the intervenor.

LYON, J.:

The question involved on this appeal is as to the authority of the Board of Railroad Commissioners to make provision in an order for the elimination of a grade highway crossing at Clinton street in the town of West Seneca, Erie county, N. Y., that the roadway and sidewalk on the overhead bridge at said crossing be maintained by the Terminal Railway of Buffalo, irrespective of the provisions of section 64 of the Railroad Law.

On or about December 1, 1906, the Terminal Railway of Buffalo filed with the Board of Railroad Commissioners its petition alleging among other things that the highway in West Seneca known as Clinton street crossed the main tracks of said railway at grade, and that it desired to have said grade crossing eliminated, and that it also desired to lay additional tracks parallel with and adjacent to its main line at said crossing, and prayed said Board to determine the manner in which the tracks of said petitioner should cross said highway. The application was made under sections 60 and 62, now sections 89 and 91 of the Railroad Law. On April 30, 1907, the Board made an order determining that said highway grade crossing should be changed to an overhead bridge crossing of said railway, to be situated at the present location of the crossing. The order also provided for the material to be used in the construction of the bridge and approaches, their width, length and strength, and the grade of the approaches. It also provided that none of the cost of the work or expense or claims connected therewith should be borne by the State or by the town of West Seneca, and that the Terminal Railway of Buffalo should maintain the roadway and sidewalk of the overhead bridge and approaches thereto, irrespective of the provisions of section 64, now section 93, of the Railroad Law. The town of West Seneca appealed

128 People ex rel. N. Y. C. R. R. Co. v. Pub. Serv. Comm.

Third Department, December, 1919. [Vol. 190.

and the determination was affirmed (*Matter of Terminal Railway*, 122 App. Div. 896) on the opinion in the *Town of Cheektowaga Case* (*Matter of Terminal Railway*, 122 App. Div. 59). Both proceedings were affirmed by the Court of Appeals. (192 N. Y. 534.) Pending the appeals and on June 24, 1907, the railway company applied to the Board of Railroad Commissioners asking for a rehearing and for a modification of said order in certain particulars, including the provision as to the maintenance of the roadway and sidewalk of the bridge and approaches. A hearing was had on June 28, and three days later, July 1, 1907, the Public Service Commissions Law became effective, abolishing the Board of Railroad Commissioners, and providing that the powers and duties conferred on said Board were to be exercised and performed by the Public Service Commission, including the power to conduct to a final determination any proceeding then pending and undetermined before the Board of Railroad Commissioners. On July 17, 1907, the Public Service Commission took up the application of the railway company for a rehearing, and the town of West Seneca appeared in opposition, claiming that the Public Service Commission had no jurisdiction to rehear and redetermine the question. The matter was held in abeyance until June 29, 1908, when the Commission announced that it would take into consideration and receive evidence upon certain matters, including whether the provisions of said order that the Terminal Railway should maintain the roadway and sidewalk of said viaduct, irrespective of the provisions of section 64 of the Railroad Law, is a lawful provision. The town of West Seneca procured an alternative writ of prohibition restraining the Commission from further proceeding until the return to the writ. On such return the Special Term denied the application for an absolute writ and vacated the alternative writ. From such order the town of West Seneca appealed and the order was affirmed. (*People ex rel. Town of West Seneca v. Pub. Serv. Comm.*, 130 App. Div. 335.) An appeal to the Court of Appeals was dismissed on the ground that the order was not reviewable by that court. (195 N. Y. 562.) On November 18, 1909, the Public Service Commission made an order amending the determination of the Board of Railroad Commissioners

dated April 30, 1907, in relation to the length of the bridge, the materials to be used for the floor, and the manner in which the approaches were to be paved and guarded. The order further provided: " It is hereby expressly determined that this order is amendatory only of such determination dated April 30, 1907, of the Board of Railroad Commissioners and shall not be construed as amending or modifying the provision," that " The Terminal Railway of Buffalo shall maintain the roadway and sidewalk on the said overhead bridge and said approaches thereto, irrespective of the provisions of section 64 of the Railroad Law," and " this order shall not be construed as in any manner affirming said provision," leaving the said part of the order of the Board of Railroad Commissioners the same wholly as though this order had not been adopted. The railway company thereafter proceeded and eliminated the grade crossing, and on January 29, 1918, the Commission made an order approving the completed work. On May 11, 1918, the town of West Seneca filed with the Commission a complaint that the roadway to the bridge and approaches had sunken and caved in, leaving holes in the surface of the street, and that the same had become dangerous; that it had requested the railway company to repair the same, which it had refused to do, claiming that the order of the Board of Railroad Commissioners requiring the railway company to maintain the roadway and approaches was without jurisdiction and void. In the meantime the New York Central Railroad Company had become consolidated with and had succeeded to the rights and liabilities of the Terminal Railway of Buffalo. The complaint was served and the railroad company filed its answer and hearings were had. It appeared that the brick pavement at the west end of the bridge on the earth fill had settled ten or twelve inches below the line of the roadway nearly its entire width. Farther west was a smaller depression. The settling of the pavement was caused by the settling of the fill and made the highway dangerous for automobiles and wagons. On July 30, 1918, the Commission made a determination requiring the New York Central Railroad Company to repair the roadway and approaches to the bridge. On September 5, 1918, the Public Service Commission denied the

130 People ex rel. N. Y. C. R. R. Co. v. Pub. Serv. Comm.

Third Department, December, 1919.     [Vol. 190.

application for a rehearing. The relator thereupon sued out a writ of certiorari to review the determination of the Commission.

The Commission stated in its determination of July 30, 1918: " Under the circumstances stated by the Board of Railroad Commissioners in its determination in respect to the construction of this bridge * * *, we think that the Commission in determining the duty should be on the railroad company, was within the law and exercised sound discretion; this Commission * * * refused to modify said provision. The railroad company built the bridge under said determination and should not now be heard to refuse to carry out one of the conditions." We find the Terminal Railway going to the Board of Railroad Commissioners and asking that the overhead crossing be ordered, and offering to pay the whole expense of construction, not calling upon the State or town for contribution. The Board of Railroad Commissioners granted the right upon the further condition that the railway company maintain the approaches and sidewalk. It may properly be assumed that the Board of Railroad Commissioners would not have granted the permission had it not been for that condition. The relator's predecessor, the railway company, by paying the whole expense of construction, and by building the bridge, subject to the provision that it should maintain the approaches and sidewalk, expressly accepted this provision. Before the railway company did the work it had applied to the Public Service Commission for a modification of the provisions of the order regarding the maintenance of the approaches and sidewalk, and a modification had been refused. The railway company must be deemed to have accepted such condition, not having appealed from such determination. It obtained the approval of its construction on January 29, 1918, and yet within four months we find the town asking that the railroad company be compelled to repair the pavement. The evidence of all the witnesses is that the condition was due to a gradual settling of the fill. The town alleges that this improvement was not the elimination of a grade crossing, but was a proceeding for authority to build an integral and necessary part of the yards and terminals of the railroad. " The real purpose of this application is not to promote

public safety by abolishing existing grade crossings, but is to permit the petitioner to construct extensive yards, several miles in length and nearly half a mile in width in the Towns of Cheektowaga and West Seneca."

The writ of certiorari is dismissed, with fifty dollars costs and disbursements.

All concur.

Writ of certiorari dismissed, with fifty dollars costs and disbursements.