In the Matter of the Application of THE CITY OF NEW YORK, Respondent, Appellant, for a Peremptory Order of Mandamus against THE LONG ISLAND RAIL ROAD COMPANY and THE PENNSYLVANIA RAILROAD COMPANY, Appellants, Respondents.— This is an application for a peremptory order of mandamus directing the defendants to repair and maintain and to continue to repair and maintain six bridges over property of the defendant. One of the bridges (known as the Van Alst Avenue bridge) passes over property used by the defendants for railroad yard purposes only, while the other five bridges pass over property used in part for yard purposes and in part for the operation of main line trains. By a contract in writing, the defendants and the city provided for the ceding of various properties, the closing of certain streets, and the granting of easements. By deed made by the defendant railroad companies and their subsidiaries to the city, the defendants

sought to impose the obligation upon the city to maintain the bridges in their entirety. The learned court at Special Term found that the provisions of section 93 of the Railroad Law applied, and directed that the defendants maintain and repair the framework and abutments of the six highway bridges, while the city must bear the burden of repairing and maintaining the roadways thereof. Both the petitioner and the defendants appeal. In our opinion, the parties to the contract must be deemed to have been cognizant of the obligation imposed upon them by the Railroad Law, and in that light the word " maintain," as used in the contract, is simply a synonym for the words " keep," " hold," or " preserve," and does not connote an obligation to repair. The provisions of the subsequent deed, imposing such an obligation upon the city, constitute a material variation from the contract, requiring, at least, a resolution of approval by the board of estimate in order to render it effectual, in a manner similar to that whereby the contract was created, assuming that that board was empowered to charge the city with such an expense. Under these circumstances, the comptroller and the corporation counsel were without power to bind the city, even if they did accept the deed and record it. The ordinary rule with respect to liability of a grantee of an easement has no application in view of the applicability of the Railroad Law. It appears from the undisputed facts that the Van Alst Avenue bridge passes over property used exclusively for railroad yard purposes; that each of the five other bridges passes over property used for yard purposes as well as for the operation of trains of the main line. In some instances more property is used for the passage of trains of the defendants' main line than is used for yard purposes. There is, of course, a distinction between property of a railroad company upon which it operates its trains and property that it may acquire and hold for incidental purposes, such as storage, repairs, equipment, cleaning, etc. The primary purpose and use of a right of way is the running of trains thereover. In the case of a railroad yard, the company is not committed to any form of use. Each of the structures comprises but one bridge, and it would be difficult to apportion the structure into different bridges — that is, a bridge over property used for yard purposes only and that used for railroad purposes, as that term is generally understood. In the light of the provisions contained in the Railroad Law, as those provisions have been interpreted by the courts (*City of New York* v. *New York & H. R. Co.*, 169 N. Y. Supp. 12; affd., 179 App. Div. 884, and *People ex rel. N. Y. C. R. R. Co.* v. *Pub. Serv. Comm.*, 231 N. Y. 1), it is our opinion that as to the Van Alst Avenue bridge, the duty is upon the defendants to maintain the same, including the roadway and the paving thereof. As to the other five bridges, the duty to repair and maintain the framework and abutments thereof is upon the defendants, while the burden of repairing and maintaining the roadways is upon the municipality. The order, in so far as appealed from and as modified by this memorandum, is affirmed on the law and not in the exercise of discretion, without costs. Lazansky, P. J., Young, Johnston and Adel, JJ., concur; Hagarty, J., dissents in part, with the following memorandum: I am of opinion that the defendants should be directed to maintain and repair the roadways as well as the framework and abutments not only of the Van Alst Avenue bridge but also of the remaining five bridges. The contract of the parties embraced a single entity primarily devoted to railroad " yard " purposes, known as " Sunnyside Yard," and the incidental use by the defendants for ordinary railroad purposes does not affect its status. In apportion-

ing the cost of repair, it is necessary to invoke section 93 of the Railroad Law, and where, as here, the bulk of the area is devoted to " yard " purposes, as distinguished from " railroad " purposes, that section is inapplicable, in my opinion. As is pointed out in *People ex rel. N. Y. C. R. R. Co.* v. *Pub. Serv. Comm.* (190 App. Div. 126; revd., 231 N. Y. 1) there is no express provision of the Railroad Law dealing with a situation wherein a great railroad yard is constructed across highways, and the applicability of section 93 of the Railroad Law is limited to " the highway over a railroad in the common acceptance of the word, *i. e.*, a track or tracks formed by rails, over which trains pass from place to place." It was there held that section 93 of the Railroad Law could be properly applied to the present situation " only by the addition of language that the Legislature has not seen fit to use in this connection." That case dealt·with the same situation which is here in that the area was devoted primarily to " yard " purposes and incidentally to " railroad " purposes. Nevertheless, it was there held that the fair implication of the present section 21 of the Railroad Law is that " the railway company shall bear the burden of maintaining the roadway on or over its property and also the burden of restoring the town highways to such state as not necessarily to impair their usefulness." The defendants admit in their brief that in planning the yard and in obtaining the assent of the city, they proceeded pursuant to the provisions of section 21 of the Railroad Law. Settle order on notice.