09-1200-cv
City of New York v. National Railroad Passenger Corporation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OF AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand and ten.

PRESENT:    PIERRE N. LEVAL,
            PETER W. HALL,
            GERARD E. LYNCH,
                            Circuit Judges.

------------------------------------------------------------------x
City of New York,

                            *Plaintiff-Appellee,*


        -v.-                                         No. 09-1200-cv


National Railroad Passenger Corporation,
                            *Defendant-Appellant.*

------------------------------------------------------------------x

Appearing for Appellant:         LAWRENCE S. EBNER (Daniel Carrigan, Megan B. Hoffman, McKenna Long & Aldridge LLP, Washington, D.C.; Dennis M. Moore, National Railroad Passenger Corp., Washington, D.C., *on the brief*), McKenna Long & Aldridge LLP, Washington, D.C.

Appearing for Appellee:          SCOTT SHORR, Senior Counsel (Leonard J. Koerner, Barry P. Schwartz, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from two judgments of the United States District Court for the Eastern District of New York (Townes, *J.*). **UPON DUE CONSIDERATION** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the decisions of the district court are **AFFIRMED.**

National Railroad Passenger Corporation ("Amtrak") appeals from an order granting summary judgment in favor of appellee, the City of New York ("the City"), and holding that Amtrak must reimburse the City for the City's expenditures in removing Amtrak's electrical facilities from beneath City-owned bridges. Amtrak also appeals from a subsequent order granting the City post-judgment interest on the amount owed to the City pursuant to New York C.P.L.R. §§ 5001(a) & 5004. In 2000, the City began a reconstruction project on a number of its bridges spanning Amtrak's Sunnyside Railyard in Queens, New York, and was thereby required to remove electrical facilities owned by Amtrak that were attached to the bridges. The City moved in district court to recoup the cost of removing Amtrak's electrical facilities.

Amtrak asserts that it is not liable for those costs. Amtrak first argues that a clause in the deed that transferred title of the bridges from Amtrak's predecessors in interest to the City (the "1910 Deed") burdens the City with the cost of removing Amtrak's electrical facilities. *See* Special Appx. at 8 (granting the City "as to each and every [viaduct and bridge] thereof, with a perpetual easement and right to continue to maintain the same *at its own expense*.") (emphasis added). In response to the City's argument that a separate, more explicit, clause in the 1910 Deed actually burdens Amtrak with the cost of removal, Amtrak asserts that because its electrical facilities did not interfere with the City's use of the bridges for 'street purposes,' Amtrak was not liable for the cost of their removal under the 1910 Deed. Amtrak further argues that New York real property law

2

supports its interpretation of the 1910 Deed -- namely the general requirement in New York that a dominant easement holder (here the City) bears the cost of repairs.

Amtrak also argues in the alternative that the district court was without subject matter jurisdiction to hear the instant dispute because under the Regional Rail Reorganization Act of 1973, 45 U.S.C. § 719(b)(2) & (e)(2) (the "Rail Act"), any action to "interpret, alter, amend, modify, or implement" conveyance orders under the Rail Act are within the exclusive and original jurisdiction of the United States District Court for the District of Columbia. 45 U.S.C. § 719(e)(2). In addition, Amtrak asserts that two sections of the Rail Passenger Service Act expressly shield Amtrak from any "tax, fee . . . or other charge" levied by a State or political subdivision, as well as from any "State or other law related to rates, routes, or services." *See* 49 U.S.C. § 24301(l) & (g). Finally, Amtrak argues that even if it is liable for the cost of removing its electrical facilities from City bridges, the City is not entitled to prejudgment interest on the award.

Having reviewed *de novo* the record and the decisions of the district court, we affirm the district court's judgments for substantially the reasons stated in their thorough and well-reasoned opinions. [1]

The judgments of the district court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We have not considered the City's argument, not raised in the district court, that under *City of New York v. Long Island R.R. Co.,* 248 A.D. 820 (N.Y. App. Div. 1936), *aff'd,* 272 N.Y. 658 (1936), it has no obligation to pay maintenance costs associated with the bridges. *Greene v. United States,* 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").